Mr. Justice Phay
delivered the opinion of the court.
This is an appeal from the superior court of chancery. The appellant proceeded by bill against the appellee in the court below in which he alleges that the appellant’s intestate, on the 5th of *747 April, 1824, entered into an agreement with the appellee, as follows: “ That the said Henry W. Vick, for, and in consideration of the sum of eight thousand two hundred dollars, to be paid as follows, to wit, two thousand two hundred dollars, on the first da]?- of January next, and two thousand annually thereafter, until the whole is paid, hath bargained and sold unto the said Plughes, the whole of his stock, except six breeding sows, and the following described lands, to wit, certificate 879, for fractional section No. 10, township 16, range 4 east, in the district of land offered for sale at Washington, Mississippi,containing 572 acres; also the northeast quarter, No. 892, of section 17, township 16, range 4 east: and the west half of the same section in the district aforesaid.
“ And the said Hughes, on his part, covenants and agrees to permit the milling and ginning of Willis Vick to be done gratis for the crop of the present year; and the said Henry W. Vick, on his part, covenants and agrees to finish thé mill and gin, and to pay two-thirds of all necessary repairs dining the present year, and to collect and deliver the stock aforesaid, to the said Hughes; and upon the payment of the first mentioned sum of 2200 dollars, to deliver entire possession of the premises, and transfer the certificates aforesaid, to said Hughes; at which time said Plughes is to secure him in the payment of the other instalments by deed, in trust upon the premises, and depositing said certificate in the hands of a trustee, with full power to sell and convey the same, upon failure to pay any one instalment, at thirty days’ notice thereof. Witness, &c.”
He further alleges that the quarter and half section mentioned in said contract were supposed to contain, the former, 160, and the latter, 320 acres, agreeably to the act of congress in such cases; making in the whole 1052 acres.
He also alleges that certificate No. 892, for 572 acres, only contains, according to a recent survey, 464 94-100 acres, that the half section mentioned in said contract, which ought, according to law and the supposition of the parties, to contain 320 acres, does in in fact contain 272 i acres, and that the said quarter section, in the contract mentioned, which was supposed by the parties to contain 160 acres, does in fact contain 170 16-100 acres; and that, *748 therefore, there is a deficit in the quantity of land supposed by the parties, to he sold and purchased, of 146 acres.
In conclusion, he alleges, from information, that the stock specified in the said contract, was never delivered by the said Vick to the said Hughes, according to the terms thereof. And prays for such compensation as is equitable and right in the premises; and such other and further relief, &c.
The appellee, in his answer, admits the contract as set forth in the bill; but denies that there was any fraud or mistake between the parties thereto, in relation to the sale and purchase of the land which was in part the subject of it.
He further states that, according to the terms and true purpose of said contract, he did assign and transfer to said Hughes, the certificates therein specified, and delivered to him entire possession of the premises, in faithful execution of his contract, which was so accepted by the said Hughes.
He admits -from information, that upon a re-survey of the lands mentioned in said certificates, there was a deficit, as set forth in the bill.
And in conclusion states expressly, in answer to that part of the bill relating to the delivery of the stock, that the same was delivered to the said Hughes, in pursuance of the contract. And prays to be discharged, &c.
The decree of the court below dismissed the bill at the cost of the appellant.
Upon this statement of facts, the question presented is, whether, the appellant is entitled to any redress for the deficiency in the quantity of land specified in the certificates transferred under the agreement?
It is unquestionably established by the adjudged cases, and on great and essential grounds of justice, that relief can be had against a deed or contract in writing, founded in mistake or fraud.
In reference to mistakes in deeds and written contracts, it seems to be well established, that they are relievable only in those cases, jn which express evidence can be adduced of the intention of the parties. 1 Fonblanque, 117. Mistakes may be shown in *749 such cases, by parol proof, and relief granted to the injured party, whether he sets it' up affirmatively, by bill, or as a defence.
We look in vain in this record, for anything like express evidence of mistake, or any evidence at all on the subject; but on the contrary, the answer positively denies the fact. The application of these principles of law to the case here presented, however, is not more decisive of the appellant’s claim, than a fair construction of, the contract itself.
The appellee bargained and sold to the appellant the following described lands, to wit: certificate No. 879 for fractional section No. 10, T. 16, R. 4 E, in the district of land' offered for sale at Washington, Mississippi, containing 572 acres, also the north quarter No. 892 of section 17, T. 16, R. 4 E, and the west half of the same section in the district aforesaid.
It is to be observed that the title to these lands was imperfect, and the description without any specification of quantity. The quantity of 572 acres mentioned in the contract is deemed but descriptive of the certificate in connection with which it is mentioned; and it is believed to be well settled, that the conveyance of a particular tract without a specification of quantity, does not bind the vendor to warrant the particular number of acres, although there may have been an expectation in both parties, founded on .documents and other evidence known to both, that the number of acres would be greater than it appears to be before a subsequent survey. 2 Rand. 51.
The lands which were ultimately to be secured by virtue of the certificates assigned, appear to be the only lands which, in the contemplation of either party, were sold or purchased under the articles of agreement set forth. This view of the contract is fully sustained by that portion of it which prescribes the conveyance. It will be observed that the appellant only covenants to deliver entire possession and transfer the certificates above -mentioned; which covenant appears long since to have been fulfilled, and the transfer accepted by the appellant’s intestate.
And even the rule under which the appellant claims, that when land is sold as for a certain quantity, a court of equity will relieve if the quantity be deficient, is only applicable to contracts for the *750 sale 'of land in a settled country, where the titles are complete, the boundaries determined, and the real quantity known or capable of being ascertained by tire vendor. 12 Wheat. 574.
But one point more remains to be disposed of, and that is relative to the delivery of the stock mentioned in the contract. The appellant has wholly failed to establish the non-delivery as charged in the bill. The delivery is expressly asserted by the answer and established by the testimony in the case.
We are therefore of opinion that the decree of the chancellor should be affirmed with costs.